NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKLIN U.S. RISING DIVIDENDS FUND; et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN INTERNATIONAL GROUP, INC., <br><br> Defendant. | Civil Action No. 13-5805 (JLL) <br><br> **OPINION** |

**LINARES, District Judge.**

This matter comes before the Court by way of Plaintiffs Franklin U.S. Rising Dividends Fund, Franklin Managed Trust–Franklin Rising Dividends, Franklin Value Investors Trust–Franklin Large Cap Value Fund, Franklin Templeton Variable Insurance Products Trust–Franklin Rising Dividends Securities Fund, Templeton Funds–Templeton World Fund, Franklin Templeton Variable Insurance Products Trust–Franklin Large Cap Growth Securities Fund, and Franklin Templeton Investment Funds–Franklin U.S. Equity Fund (collectively "Plaintiffs")' appeal from Magistrate Judge Joseph A. Dickson's April 14, 2014 Opinion and Order granting Defendant American International Group, Inc. ("AIG" or "Defendant")'s motion to transfer, and Plaintiffs' separate motion to stay. [CM/ECF No. 26.] The Court has considered the submissions made in support of and in opposition to Plaintiffs' appeal and motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Judge Dickson's opinion and order granting Defendant's motion to transfer is affirmed, and Plaintiffs' motion to stay is denied.

I.    **BACKGROUND**

The facts of this case are detailed in Magistrate Judge Dickson's opinion, entered on April 14, 2014. [CM/ECF No. 24.] As the Court writes for the parties, it will set forth only those facts it deems relevant to deciding Plaintiffs' appeal.

Plaintiffs are seven mutual funds seeking to recover damages for losses sustained as a result of Defendant's alleged market manipulation and securities fraud. (Compl. ¶¶ 815-825, 828-840.) Plaintiffs were members of a class action suit that was filed in the Southern District of New York ("SDNY") and ultimately settled. (*Id.* at ¶ 2.) Plaintiffs, however, timely opted out of the class action settlement on December 23, 2011. (*Id.*)

Four of the Plaintiffs are incorporated in Delaware and the other three are incorporated in Canada, Massachusetts, and Luxembourg. (*Id.* at ¶¶ 40-46.) Franklin Advisory Services, LLC ("FAS"), though not a party to this case, is an investment adviser located in Fort Lee, New Jersey. (*Id.* at ¶ 40.) FAS is the investment adviser for four of the seven Plaintiffs in this action. (*Id.* at ¶¶ 40-43.) The other three funds have investment advisors located in the Bahamas and California. (*Id.* at ¶¶ 44-46.) Defendant, American International Group, Inc., is a Delaware corporation with its principal place of business in New York. (*Id.* at ¶ 47.)

The SDNY litigation and the present matter arise out of the same set of facts. "Plaintiffs purchased hundreds of millions of dollars of AIG stock during a period in which AIG perpetrated two wide-ranging, nationwide fraudulent schemes[.]" (Pl. Br. 7) (citing Rolnick Decl. Ex. J at 7 – 370; Compl. ¶ 10.) AIG's principal place of business is New York. (Def. Br. 6); [CM/ECF No. 26-12, p. 45.] The alleged fraudulent scheme centers on AIG's "dissemination of false and misleading statements concerning its financial results and operations, as well as its manipulation of the market in which AIG common stock trades[.]" (Compl. ¶ 3.) The Complaint in the SDNY suit, which

2

Plaintiffs joined, alleged that "[m]any of the false and misleading statements were made in or issued from [New York]." [CM/ECF No. 26-12, p. 36.] Plaintiffs allege that Defendant manipulated the market for its stock on the New York Stock Exchange through communications with employees of the Exchange. (Compl. ¶¶ 608-630.)

The SDNY suit was filed on October 15, 2004. (Compl., *In re Am. Int'l Grp., Inc. Sec. Litig*, No. 04-8141 (S.D.N.Y. October 15, 2004), ECF No. 1.) Judge Deborah A. Batts presided over the class action for approximately five years. (Def. Br. 17-18.) The SDNY matter has over 700 docket entries, which include motions, document requests, and references to depositions conducted of both fact and expert witnesses. [CM/ECF No. 5–8.] During those five years, Judge Batts considered the facts of the case on several occasions during discovery and on motions for class certification and settlement approval. *See id.*; *In re Am. Int'l Grp., Inc. Sec. Litig.*, 265 F.R.D. 157 (S.D.N.Y. 2010), *vacated and remanded*, 689 F.3d 229 (2d Cir. 2012).

The parties to the SDNY class action reached a settlement in July of 2010. [CM/ECF No. 5–8, ¶¶ 150-152.] Plaintiffs filed the current action in the District of New Jersey on September 30, 2013. [CM/ECF No. 1.] On October 31, 2013, Defendant moved to transfer this case to the SDNY. [CM/ECF No. 3.] In March 2014, the Supreme Court granted certiorari in *Public Employees' Retirement System of Mississippi v. IndyMac MBS, Inc.*, No. 13–640 (U.S.), a case which would determine whether Plaintiffs' action is time-barred. On April 14, 2014, Magistrate Judge Dickson granted Defendant's motion to transfer. [CM/ECF Nos. 24-25.] Plaintiffs' appealed that order on April 28, 2014. [CM/ECF No. 26.] They have also moved to stay this action until the Supreme Court issues its decision in *IndyMac*. (*Id.*)

## II.     STANDARD OF REVIEW

A magistrate judge may consider and decide non-dispositive pretrial matters pursuant to 28 U.S.C. §636(b)(1)(A). A motion to transfer a case to another district is considered a non-dispositive motion. *See Siemens Fin. Servs., Inc. v. Open Advantage M.R.I. II L.P.*, No. 07–1229, 2008 WL 564707, at *2 (D.N.J. Feb. 29, 2008). If such a decision is appealed, the district court must affirm the decision unless it is "clearly erroneous or contrary to law." *See Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). Even where the district court might have decided the matter differently, it will not reverse a magistrate judge's determination so long as this standard is met. *See id*; *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000); *see generally Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (noting that the clearly erroneous standard "does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.").

The appealing party bears the burden of establishing that the magistrate judge's decision is clearly erroneous or contrary to law. *Control Screening, LLC v. Integrated Trade Sys.*, No. 10–499, 2011 WL 3417147, at *6 (D.N.J. Aug. 3, 2011). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citing *Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601 (D.N.J. 2002)). A ruling is "contrary to law" if the magistrate judge has misinterpreted or misapplied applicable law. *Id.* A magistrate judge's legal conclusions on a non-dispositive motion such as the one before this Court are reviewed *de novo*. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and

4

witnesses, [and] in the interest of justice." *See* 28 U.S.C. § 1404(a). Section 1391 provides guidelines as to when venue is proper, which is "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." *Equipmentfacts, LLC v. Yoder & Frey Auctioneers, Inc.*, No. 11–4582, 2011 WL 5040713, at *4 (D.N.J. Oct. 24, 2011); *see* 28 U.S.C. § 1391(a). A defendant that is a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Equipmentfacts*, 2011 WL 5040713, at *4; *see* 28 U.S.C. § 1391(c). The burden is on the party seeking to transfer venue to demonstrate that transfer is appropriate. *Yocham v. Novartis Pharms. Corp.*, 565 F. Supp. 2d. 554, 557 (D.N.J. 2008).

If a proposed venue is deemed appropriate, it is in the court's discretion to transfer the action based on its balancing of private and public interests. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Private interest factors include: "(1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (citations omitted). Public interest factors to consider include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6)

the familiarity of the trial judge with the applicable state law in diversity cases." *Id.*, at 879–80 (citations omitted).

### III. DISCUSSION

Plaintiffs ask this Court to reverse Magistrate Judge Joseph A. Dickson's opinion and order transferring the instant action to the Southern District of New York. They also move to stay this appeal and all further proceedings in this matter until the Supreme Court issues a decision in *IndyMac*, No. 13–640 (U.S.) (cert. granted March 10, 2014). Because the Magistrate Judge's decision to transfer this case was neither clearly erroneous nor contrary to law, this Court affirms the transfer and denies Plaintiffs' motion to stay.

#### A. The Magistrate Court's Decision to Transfer This Case to the Southern District of New York Was Neither Clearly Erroneous nor Contrary to Law

Plaintiffs argue that the Magistrate Judge's opinion and order should be reversed because: (1) Judge Dickson incorrectly determined that the balance of the relevant factors weighed in favor of transfer, and (2) the transfer impermissibly allows Defendant to engage in forum shopping. This Court disagrees.

##### 1. Judge Dickson did not abuse his discretion

The determination of how much weight each factor should be given in the transfer analysis is discretionary. Courts have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara*, 55 F.3d at 883. "An abuse of discretion occurs: 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted.'" *Richards v. Johnson & Johnson, Inc.*, No. 05–3663, 2008 WL 544663, at * 2 (D.N.J. Feb. 26, 2008) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

6

Plaintiffs' first argument for reversal, that Judge Dickson incorrectly determined that the balance of the relevant factors weighed in favor of transfer, does not demonstrate clear error or mistake of law. Instead, Plaintiffs seem to disagree with the way that Judge Dickson weighed the transfer factors. Their disagreement is not grounds for reversal.

In his opinion, the Magistrate Judge weighed the following facts in favor of transfer when considering the *Jumara* factors: (1) Judge Batts presided over the class action related to this case for five years and would likely handle the pretrial rulings and discovery expeditiously and in a cost-efficient manner; (2) Plaintiffs are not New Jersey residents; (3) the alleged illegal conduct by Defendant originated in New York; (4) New York has a stronger local interest in the outcome of the litigation because it is "the center of gravity"; and (5) New Jersey's public policy favors judicial efficiency. The only factor that weighed against transfer was Plaintiffs' choice of venue. In their appeal, Plaintiffs argue that their choice of forum should have been given a great deal of deference. Though Judge Dickson took into account Plaintiffs' choice of venue when weighing the relevant § 1404(a) factors, he gave it less weight than the other factors.

"In this Circuit, a plaintiff's choice of forum is of 'paramount concern' in deciding a motion to transfer venue." *Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 681 (D.N.J. 1993) (quoting *Sandvik, Inc. v. Cont'l Ins. Co.*, 724 F. Supp. 303, 307 (D.N.J. 1989)). However, a plaintiff's "choice is by no means dispositive." *Id.* (citing *AT & T v. MCI Commc'ns Corp.*, 736 F. Supp. 1294, 1306 (D.N.J. 1990)). "The preference for honoring a plaintiff's choice of forum is simply that, a preference; it is not a right." *Id.* (citing *E.I. Du Pont de Nemours & Co. v. Diamond Shamrock Corp.*, 522 F. Supp. 588, 592 (D. Del. 1981)). Importantly, when a plaintiff has chosen a forum that is not her home, "the amount of deference due is less[.]" *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989). Accordingly, Judge Dickson explained

7

in his opinion that "the Court affords less deference to Plaintiffs' choice of forum because none of the Plaintiffs are residents of New Jersey." [Opinion, CM/ECF No. 24, at 15.] (citing *Fellner v. Phila. Toboggan Coasters Inc.*, No. 05–1052, 2005 WL 2660351, at *4 (E.D. Pa. Oct. 18, 2005)). This conclusion is not contrary to the law in this district. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 236 (1981); *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993); *Canon U.S.A., Inc.*, 825 F. Supp. at 681.

Plaintiffs argue that New Jersey is their home forum because FAS, which is located in New Jersey, managed four out of the seven Plaintiffs. However, Judge Dickson rejected this argument and reasoned that, because FAS is not a party to this case, the funds' manager's reliance in New Jersey on Defendant's misrepresentations does not weigh heavily on the transfer analysis. The Magistrate Judge also explained that the lack of connection between the funds that were not managed by FAS and New Jersey further weakened Plaintiffs' argument. As such, he concluded that Plaintiffs are not New Jersey residents.

As explained above, Plaintiffs bear the burden of establishing that Judge Dickson's decision is clearly erroneous or contrary to law. *Control Screening, LLC*, 2011 WL 3417147, at *6. Plaintiffs have not pointed to any binding authority that supports the proposition that entities can be considered New Jersey residents when their only connection to the state is that they are managed by a third party located there. Though they cite to cases in which courts give deference to plaintiffs' choice of venue, the plaintiffs in those cases were either New Jersey residents or companies with New Jersey as their principal place of business. *See PCS Wireless, LLC v. Portables Unlimited*, No. 13–4348, 2013 WL 5797731, at *1 (D.N.J. Oct. 28, 2013) (plaintiff was a New Jersey company); *Gargiulo v. Balducci*, No. 12–112, 2012 WL 3928427, at *1 (D.N.J. Sept. 6, 2012) (plaintiffs were a New Jersey resident and a New Jersey company); *Mercedes-Benz USA,*

*LLC v. ATX Grp., Inc.*, No. 08–3529, 2009 WL 2255727, at *4 (D.N.J. July 27, 2009) (plaintiff was "a New Jersey corporation" that "elected to file its claim in New Jersey"); *Fox v. Dream Trust*, 743 F. Supp. 2d 389, 395 (D.N.J. 2010) (plaintiff was a New Jersey resident). At the same time, other courts in this district have found that plaintiffs that were incorporated outside of New Jersey were not entitled to home forum choice-of-venue deference. *See Canon U.S.A., Inc.*, 825 F. Supp. at 681 ("[Plaintiff] is a Maryland corporation which, although it does business in New Jersey, does not maintain an office in this State . . . . [A]s New Jersey is not [plaintiff's] home forum, [plaintiff's] forum choice is entitled to less deference than if it had chosen its home forum."). Judge Dickson had "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh[ed] in favor of transfer." *Jumara*, 55 F.3d at 883. In light of the above, his decision to give Plaintiffs' choice of venue less deference because New Jersey is not their home forum is not clearly erroneous.

In addition, Plaintiffs argue that the "where the claim arose" and "local interest in deciding local controversies" factors weigh against transfer because the injury occurred in New Jersey. They assert that the Plaintiffs' fund manager, FAS, relied on those false statements in New Jersey. Plaintiffs also argue that the fraud committed by AIG was not localized because the false statements were disseminated nationally.

Judge Dickson rejected these arguments because he found that the claims in this case arose in New York—the state in which the fraudulent statements were made. [Opinion, CM/ECF No. 24, at 13.] (quoting *Branthover v. Goldenson*, No. 10–7677, 2011 WL 6179552, at *3 (S.D.N.Y. Dec. 12, 2011)). Plaintiffs have cited no case law showing that this holding is contrary to the law in this district, and other courts have held that misrepresentations occur in the location from where they were transmitted, not where they were received. *See, e.g., Kerik v. Tacopina*, No. 14–488,

9

2014 WL 1340038 (D.N.J. Apr. 3, 2014) (holding that misrepresentations made by the defendant over the phone or email occurred in New York because that was where the calls and emails originated); *Metro. Life Ins. Co. v. Bank One, N.A.*, No. 03–1882, 2012 WL 4464026 (D.N.J. Sept. 25, 2012) (holding that misrepresentations made by the defendant in a securities fraud case occurred in New York because that is where they were made); *Frato v. Swing Staging, Inc.*, No. 10–5198, 2011 WL 3625064, at *4 (D.N.J. Aug. 17, 2011) (rejecting argument that "[plaintiff's] Fraud/Misrepresentation Claims arose in New Jersey because [that is where] he relied on Defendants'[ ] alleged misrepresentations regarding [its] financial condition"). Judge Dickson concluded that Plaintiffs' claims did not arise out of New Jersey; rather, he concluded that the center of gravity of this dispute is New York, which has a stronger interest in the outcome of the litigation. Plaintiffs cite no law that undermines these findings. Given Judge Dickson's broad discretion, his determination that these factors weighed in favor of transfer was not clearly erroneous.

  Plaintiffs further argue that the Magistrate Court incorrectly determined that it would be in the interest of judicial economy to transfer the case to the SDNY. They assert that there is no case pending in the SDNY with which this case can be consolidated, and that Judge Batts did not gain experience in the five years she presided over the related class action suit that would facilitate the adjudication of this case. But Plaintiffs again fail to show that Judge Dickson's reasoning is either contrary to law or clearly erroneous. Other courts in this district have transferred cases for efficiency reasons even when there is no case pending in the transferee district. *See e.g. Yang v. Odom*, 409 F. Supp. 2d 599, 608-09 (D.N.J. 2006) (holding that "the trial or other disposition of this matter would be more efficient and expeditious" if transferred because a trial judge in the transferee district had already "sifted through the extensive evidence, expert testimony, and

massive discovery" in a related class action). The *Yang* Court explained that "[i]t would be a gross waste of judicial resources for this Court to litigate the merits of Plaintiffs' claims from scratch considering the fact that [another judge had already] ruled on various dispositive motions and other legal issues in a matter substantially identical to the one before this Court." *Id.* at 608; *see Estate of Grier ex rel. Grier v. Univ. of Pennsylvania Health Sys.*, No. 07–2475, 2007 WL 2900394, at *5 (D.N.J. Oct. 1, 2007) (holding that, even though there was no related litigation pending in the transferee district, practical considerations that could make the trial easy, expeditious or inexpensive weighed in favor of transfer because the defendants were citizens of the transferee district and all of the relevant events occurred in that district).

Judge Dickson determined that it would be more efficient for Judge Batts to preside over this case given her experience with the related class action. Plaintiffs' argument that Judge Batts's experience is irrelevant because she did not "adjudicate the merits of any of Plaintiffs' claims" is unpersuasive. (Pl. Br. 37.) Judge Batts presided over litigation involving the same factual and legal issues presented in this action for over five years. She made multiple discovery rulings, considered the facts of the case to rule on class certification, and analyzed Plaintiffs' claims for the purpose of approving settlements. Given Judge Dickson's "broad discretion to determine[] . . . whether convenience and fairness considerations weigh in favor of transfer," *Jumara,* 55 F.3d at 883, his conclusion was not clearly erroneous.

2. <u>Transferring this action to the SDNY is not akin to condoning Defendant's forum shopping</u>

The crux of Plaintiffs' second argument is that transferring this case permits Defendant to "circumvent" Plaintiffs' right to choose a forum in which the law is more favorable to them. *See, e.g., Van Dusen v. Barrack,* 376 U.S. 612, 633-34 (1964) ("There is nothing, however, in the

11

language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen . . . a proper venue."); *Atlantic Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) ("[P]laintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations)."). They argue that "there are no legitimate convenience factors that justify transfer to another district," and that Defendant would gain an unfair procedural advantage. (Pl. Br. 27-28.) Plaintiffs assert that granting the motion to transfer was akin to allowing Defendant to forum shop and contrary to the purpose of § 1404(a).

In spite of Plaintiffs' argument, it is clear from Magistrate Judge Dickson's opinion that he relies on his discretion, within the bounds of the §1404(a) factors and the applicable case law, to conclude that this matter should be transferred. As explained above, the Judge accounted for Plaintiffs' choice of venue, but gave this factor less deference because Plaintiffs did not choose their home forum. Judge Dickson also found that there are legitimate convenience factors that justify the transfer to the SDNY.

Furthermore, Judge Dickson did not consider the procedural consequences of transferring this action because it would be improper to "allow the *IndyMac* decision," and "Plaintiffs' chances in the SDNY to supplant a proper analysis of the *Jumara* factors." The Judge explained that "while transferring this case to the SDNY could 'sound the death knell for [Plaintiffs] claims[,] . . . neither the public nor private interests [of *Jumara*] require the Court to consider this issue.'"[1] [CM/ECF No. 24, at 3] (quoting *Patton Boggs LLP v. Chevron Com.*, No. 12–901, 2012 WL 6568526, at *2 (D.N.J. Dec. 14, 2012)). This conclusion is supported by other decisions in this District. *See, e.g., Yang*, 409 F. Supp. 2d at 605 ("The fact that the statute of limitations may have run on Plaintiffs'

---

[1] The Supreme Court has granted the petition for certiorari in *IndyMac* and will likely decide whether Plaintiffs' claims are time-barred. As such, it is possible that this matter will be stayed once it is transferred to the SDNY.

12

claims [in the transferee district] is immaterial to [the transfer] analysis."). The *Yang* Court reasoned that considering the expiration of a statute of limitation in this context "would encourage the type of forum shopping that § 1404(a) was designed to prevent." *Id.* That Court explained that plaintiffs could "wait until the statute of limitations has run in the jurisdiction where the case should have been brought, and the file the action in the district where the plaintiff prefers, despite that jurisdiction's limited nexus to the case." *Id.* (citing *Packer v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 728 F. Supp. 8, 12 (D.D.C. 1989)). In light of the above, Judge Dickson's decision in this regard was not clearly erroneous.

    B. <u>The Southern District of New York Is the Proper Court to Decide Whether Proceedings in This Case Should Be Stayed</u>

Plaintiffs argue that this case should be stayed for the sake of conserving judicial resources because the Supreme Court's ruling in *IndyMac* would either dispose of this case as time-barred or "substantially impact the Section 1404 transfer analysis by mooting the litigants' forum shopping allegations." (Pl. Reply Br. 1.) This Court disagrees.

The Supreme Court's decision in *IndyMac* has no bearing on whether this case should be transferred to the SDNY. As explained above, a district court may transfer any civil action to any other district where it might have been brought for the purpose of convenience. *See* 28 U.S.C. § 1404(a). It is in a court's discretion to transfer an action based on its balancing of the private and public interest factors as described in *Jumara*. 55 F.3d at 879-80. Whether there is a pending Supreme Court decision that could substantively affect the outcome of a case has no bearing on which venue is proper. Because this Court affirms Judge Dickson's decision to transfer, the transferee court is the proper court to determine whether this action should be stayed pending a decision in *IndyMac*. Once transferred, Plaintiffs will have the opportunity to reinstitute their request to stay the proceedings.

13

## IV. CONCLUSION

For the reasons set forth above, Magistrate Judge Dickson's opinion and order granting Defendant's motion to transfer [CM/ECF No. 25] is affirmed and Plaintiffs' motion to stay [CM/ECF No. 26] is denied.

An appropriate Order accompanies this Opinion.

 

Jose L. Linares
United States District Judge

Dated: July 29, 2014